UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED

STEVEN SOAPER,

    Plaintiff,

2014 JUN 24   PM 12: 33

vs.

CASE NO.: 6:14-cv-986-orl-286JK

PAPA JOHN'S USA, INC.,

    Defendant.

_____/

## COMPLAINT

Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

### JURISDICTION AND VENUE

1. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

2. The alleged violations described in the Complaint occurred in Palm Bay, Florida.

### FACTUAL ALLEGATIONS

3. Plaintiff is a natural person, and citizen of the State of Florida, residing in Brevard County, Florida

4. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

5. Defendant, PAPA JOHN'S USA, INC. ("PAPA"), is a corporation which was formed in 1983 with its principal place of business at 2002 Papa John's Boulevard, Kentucky and conducting business in the state of Florida through its registered agent, C T Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

6. PAPA texted the Plaintiff approximately fifty (50) times, since February 1, 2013, in an attempt to solicit business.

7. On information and belief, the texts were placed using automated telephone dialing equipment, without human intervention

8. Each text made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

9. Each text made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

10. PAPA has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

11. PAPA has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Plaintiff, to remove the incorrect number.

12. PAPA's corporate policy is structured as to continue to text individuals like the Plaintiff, despite these individuals explaining to PAPA to take them off of their list.

13. PAPA has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

14. PAPA has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call the wrong people.

15. PAPA has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call.

2

16. PAPA's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

17. PAPA has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not wish to be texted.

18. Plaintiff did not expressly consent to PAPA's placement of texts to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to PAPA's placement of the calls.

19. None of PAPA's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

20. PAPA willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

21. Plaintiff incorporates Paragraphs one (1) through twenty (20).

22. PAPA repeatedly sent non-emergency text messages to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Jared Michael Lee*
Jared Michael Lee, Esquire
FL Bar#: 0052284

3

          Morgan & Morgan, P.A.
          20 N. Orange Ave., Suite 1600
          Orlando, Florida 32801
          P: 407-418-2038
          F: 407-245-3484
          Attorney for the Plaintiff
          JLee@ForThePeople.com
          JMLPleadings@ForThePeople.com